# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 9:15-CR-18 |
| | § | |
| JASON MCLAUGHLIN | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
## BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter is referred to the undersigned United States Magistrate Judge for administration of the guilty plea under Rule 11. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). United States v. Bolivar-Munoz, 313 F.3d 253, 255 (5th Cir. 2002).

On May 4, 2016, this case came before the undersigned magistrate judge for entry of a guilty plea by the Defendant, Jason McLaughlin, to Count One of the Indictment. Count One alleges that from on or about August 28, 2015, until on or about September 26, 2015, in the Eastern District of Texas and elsewhere, the defendant, Jason McLaughlin, with the intent that S.K. engage in conduct constituting a felony that has an element the use, attempted use, or threatened use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did intentionally solicit, command, induce, and endeavor to persuade S.K. to engage in such conduct, that is to kidnap C.C., in violation of Title 18, United States Code, Section 1201, all in violation of Title 18, United States Code Section 373.

McLaughlin entered a plea of guilty to Count One of the Indictment into the record at the hearing. After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the undersigned finds:

a. That the Defendant, after consultation with his attorney, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this case by a United States Magistrate Judge in the Eastern District of Texas, subject to a final approval and imposition of sentence by the District Court.

b. That the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is made freely, knowingly, and voluntarily. Upon addressing the Defendant personally in open court, the undersigned determined that the Defendant's plea is knowing and voluntary and did not result from force, threats or promises. See FED. R. CRIM. P. 11(b)(2).

c. That the Defendant's knowing and voluntary plea is supported by an independent factual basis establishing each of the essential elements of the offense and the Defendant realizes that his conduct falls within the definition of the crime charged under Title 18, United States Code Section 373.

## STATEMENT OF REASONS

As factual support for the Defendant's guilty plea, the Government recited a factual basis. See Factual Basis and Stipulation. In support, the Government would prove that the Defendant is the same person charged in the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas and elsewhere. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offense as alleged in Count One of the Indictment through the testimony of witnesses, including expert witnesses, and admissible exhibits.

In addition to the Factual Basis admitted into the record, Counsel for the Government made a verbal proffer that they could prove if this matter were to proceed to trial:

> During a meeting on September 23, 2015 in Lufkin, Texas, McLaughlin provided S.K. with 3 firearms, brass knuckles, and an additional $200 in U.S. currency. McLaughlin was aware that S.K. was a felon and was unable to legally possess firearms. McLaughlin provided S.K. with a Remington .22 caliber rifle, a Davis .22 caliber handgun, a Remington 12 gauge shotgun and ammunition for each airearm. McLaughlin told S.K. several times during this meeting to "practice, practice, practice" with the firearms. McLaughlin also told S.K. during meeting to buy some gloves, duct tape and rope at the hardware store. This meeting was both audio and video recorded.

Furthermore, in open court, the Defendant verbally admitted that his conduct constituted a violation of 18 U.S.C. § 373.

Counsel for the Defendant and the Government attested to the Defendant's competency and capability to enter an informed plea of guilty. The Defendant personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of the Defendant, which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in Count One of the Indictment. Accordingly, it is further recommended that the District Court finally adjudge the Defendant, Jason McLaughlin, guilty of the charged offense under 18 U.S.C. § 373.

The Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. The Defendant has the right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections

to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 6th day of May, 2016.

_____
Zack Hawthorn
United States Magistrate Judge